RECEIVED MAY 23 2007 USDC-WP-SDNY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SLEEVER INTERNATIONAL COMPANY
SOCIETE ANONYME,

    Plaintiff,

v.

TRIPACK SLEEVER, LLC

    Defendant.

---

07 CIV. 4029

Case No.

ECF Case

JUDGE LYNCH

TRIAL BY JURY DEMANDED

## COMPLAINT

Plaintiff SLEEVER INTERNATIONAL COMPANY SOCIETE ANONYME ("Plaintiff"), by and through its attorneys, for its complaint against defendant TRIPACK SLEEVER, LLC ("Defendant"), hereby alleges as follows:

### NATURE OF ACTION

1.    In this action, Plaintiff seeks injunctive relief, lost profits, damages, costs and attorneys' fees for Defendant's acts of trademark infringement, false designation of origin, false description, and unfair competition, pursuant to Lanham Act §§ 32 and 43(a), 15 U.S.C. §§ 1117 and 1125 *et seq.* trademark infringement, deceptive acts and practices, injury to business reputation, and unfair competition, under the common law and statutes of the State of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3. Upon information and belief, Defendant contracts to supply goods and transacts business in New York and is within this judicial district, and the tortious acts of Defendant complained of in this complaint, including, without limitation, the offer for sale, promotion, sale of Defendant's infringing goods, have been and continue to be committed, and have caused harm to Plaintiff, within this judicial district.

4. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of New York.

5. Accordingly, personal jurisdiction exists over Defendant pursuant to CPLR §§ 301 and 302(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiff is a corporation organized and existing under the laws of the country of France, having its principal place of business at ZI Le Val, 15 Avenue Arago, 91420 Morangis, France.

8. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the state of New York, having corporate offices at 1308 US Route 50, Suite 200, Milford, OH 45150.

## GENERAL ALLEGATIONS

9. Plaintiff is engaged in the business of, *inter alia*, creating technology and selling related machines and products for shrink wrapping ("Plaintiff's Goods").

10. In connection with Plaintiff's Goods, Plaintiff is the owner of United States Trademark Registration No. 1,276,722 ("Plaintiff's Registration") for the mark SLEEVER ("Plaintiff's Trademark"), registered on the Principal Register on May 8, 1984 for "machines for applying and shrinking sleeves of plastic material around containers," in International Class 7, and "films of shrinking plastic for use in packaging containers," in International Class 17.

11. Plaintiff has used Plaintiff's Trademark openly, notoriously and continually in United States commerce on or in connection with Plaintiff's Goods since at least as early as 1984, a date prior to any of Defendant's action complained of herein.

12. Plaintiff's Trademark, as applied to Plaintiff's Goods, is an inherently distinctive and strong trademark.

13. Because of Plaintiff's long, exclusive and extensive use and promotion of Plaintiff's Trademark, Plaintiff's Trademark has become distinctive, and indicates a single source of origin to Plaintiff and Plaintiff alone.

14. Defendant is also engaged in the same industry as Plaintiff and offers the same or similar goods and services as Plaintiff ("Defendant's Goods").

15. Without the authorization or consent of Plaintiff, and after Plaintiff built up extensive and valuable business and goodwill in connection with Plaintiff's Trademark, Defendant commenced to use, in interstate commerce, the trademarks

SLEEVER and TRIPACK SLEEVER (the "Infringing Marks"), marks that are identical and/or nearly identical, as well as confusingly similar to Plaintiff's Trademark.

16. Upon information and belief, Defendant adopted its Infringing Marks with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of benefiting from the good will and public recognition associated with Plaintiff and Plaintiff's Trademark, and of diverting sales from Plaintiff to Defendant.

17. Defendant's Infringing Marks are confusingly and deceptively similar to Plaintiff's Trademark.

18. Plaintiff and Defendant are engaged in the same industry and offer for sale the same or similar products and/or services, and therefore, the likelihood of confusion to the general public is great.

19. The aforementioned acts of Defendant have caused and will continue to cause actual confusion and a likelihood of confusion in the minds of the trade and the public, and will damage Plaintiff's reputation for exclusivity in connection with Plaintiff's Trademark.

## COUNT I
## TRADEMARK INFRINGEMENT (LANHAM ACT § 32)

20. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

21. By virtues of Defendant's conduct, Defendant has used and intends to continue to use spurious marks in connection with the sale and distribution of the Infringing Goods in interstate commerce. The Infringing Marks are identified with

Plaintiff's Trademark, a mark which is a federally registered trademark and which is presently in use.

22. Upon information and belief, Defendant's conduct has been willful, malicious and wanton and Defendant will continue its acts of willful infringement unless enjoined by this Court.

23. Plaintiff's Goods are goods which are sold, distributed and/or advertised to the same or similar classes of purchasers as Defendant's Goods. There is, therefore, as a result of Defendant's conduct, a strong likelihood of confusion, mistake or deception, and many persons familiar with Plaintiff's Trademark, its reputation and favorable goodwill, are likely to buy Defendant's Infringing Goods in belief that the latter goods are sold or authorized by Plaintiff.

24. By virtue of Defendant's conduct, Defendant has engaged in infringement of Plaintiff's federally registered Trademark, in violation of the Lanham Act §32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion, or to cause mistake, or to deceive.

25. Defendant has made unlawful gains and profits from such unlawful infringement and, by reason thereof, Plaintiff has been deprived of rights and profits which otherwise would have come to Plaintiff, but for such infringements.

26. Plaintiff has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendant continues its wrongful conduct.

27. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's monetary damages caused by Defendant's wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT II
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION
### LANHAM ACT § 43(a)

28. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

29. By virtue of Defendant's conduct, Defendant has used and intends to continue to use spurious marks, including the Infringing Marks, in connection with the sale and distribution of Defendant's Goods in interstate commerce, which marks were identified with Plaintiff's Trademark.

30. Plaintiff's Goods are sold, distributed and/or advertised to the same or similar classes of purchasers as Defendant's Goods. There is, therefore, as a result of Defendant's conduct, a strong likelihood of confusion, mistake, or deception, and many persons familiar with Plaintiff's Trademark, its reputation and favorable goodwill, are likely to seek, solicit and/or purchase Defendant's Goods with the mistaken belief that the latter are offered, sold and/or authorized by Plaintiff.

31. The acts and conduct of Defendant are willful, unfair, untrue and deceptive, in that they tend to mislead, deceive and confuse, and will have the result of

misleading, deceiving and confusing the public to believe that Defendant and/or its Goods are affiliated with, sponsored or controlled by Plaintiff. As a consequence, Defendant has traded upon, and has gained public acceptance and other benefits from Plaintiff's favorable reputation, which has accordingly been placed at risk by Defendant's illegal acts and conduct.

32. The acts of Defendant constitute trademark infringement, and the use of a false designation of origin, a false representation, and unfair competition, by inducing the erroneous belief that Defendant and/or its Goods are in some manner affiliated with, originate from, or are sponsored by Plaintiff, and by misrepresenting the nature and/or origin of Defendant's Goods, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

33. The acts of Defendant have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff, and have caused Plaintiff to suffer monetary damage in an amount thus far not determined.

34. Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

35. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's monetary damages caused by Defendant's wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT III
## TRADEMARK INFRINGEMENT, DILUTION, AND DECEPTIVE ACTS AND PRACTICES

36. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

37. The foregoing acts of Defendant constitute willful, deceptive acts and practices in the conduct of business, trade and/or commerce, in violation of New York Gen. Bus. Law § 349, for which Plaintiff is entitled to injunctive relief, actual damages, treble damages, punitive damages, attorneys' fees, and costs.

38. The foregoing acts of Defendant constitute infringement in violation of New York Gen. Bus. Law § 360-k, for which Plaintiff is entitled to injunctive relief, profits, and damages.

39. The forgoing acts of Defendant will create a likelihood of injury to the public image and business reputation of Plaintiff, in that the public will likely associate Defendant's Infringing Marks and Goods with Plaintiff's Trademark and Goods, and cause the dilution of the distinctive quality of Plaintiff's Trademark, all in violation of New York Gen. Bus. Law § 360-l, for which Plaintiff is entitled to injunctive relief.

## COUNT IV
## COMMON LAW INFRINGEMENT, AND UNFAIR COMPETITION

40. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

41. The acts of Defendant and Defendant's use of the Infringing Marks constitute trademark infringement, in violation of the common law of the State of New York.

42. Upon information and belief, Defendant has intentionally appropriated Plaintiff's Trademark with the intent of causing confusion, mistake and deception as to the source of its goods with the intent to palm-off its goods as those of Plaintiff, and as such, Defendant has committed unfair competition in violation of the common law of the State of New York.

43. The foregoing acts of Defendant have injured and will continue to injure Plaintiff, by depriving Plaintiff of sales of its genuine goods, by injuring its business reputation, by passing off Defendant's Goods as Plaintiff's genuine Goods, all in violation of the common law of the State of New York.

44. Defendant's acts have caused irreparable harm and damage to Plaintiff and have caused Plaintiff monetary damage in an amount thus far not determined, for which Plaintiff is entitled to its actual damages, Defendant's profits, punitive damages, attorneys' fees and costs.

45. Plaintiff has no adequate remedy at law.


**WHEREFORE**, Plaintiff demands judgment jointly and severally against Defendant as follows:

A. That Defendant's conduct serves to infringe Plaintiff's federally registered Trademark, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

B. That Defendant's conduct serves to infringe Plaintiff's Trademark, falsely designate the origin of Defendant's Infringing Goods, falsely describe such mark and goods, and unfairly compete with Plaintiff, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

C. That Defendant's conduct violates the provisions of New York Gen. Bus. Law §§ 349, 360-k, and 360-l and constitutes trademark infringement, trademark dilution, and unfair competition under the common law of the State of New York.

D. That Defendant and its agents, officers, directors, servants, employees, attorneys, their successors and assigns, and all others in active concert or participation with Defendant be preliminarily and permanently enjoined from directly or indirectly:

    i. Using Plaintiff's Trademark, or any other marks which are similar to or are colorable imitations of Plaintiff's Trademark including without limitation, the Infringing Marks, alone or as a part of or together with any other designs, word or words, or other business or commercial designation or any logo, symbol or design;

    ii. Committing any act that, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendant's Goods;

    iii. Otherwise unfairly competing with Plaintiff or committing dilution or infringement of Plaintiff's rights.

E. That the Court issue an Order directing Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendant of such

injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendant have complied with the injunction.

F. That the Court award judgment in favor of Plaintiff for the amount of either damages sustained by Plaintiff or the profits made by Defendant as a result of Defendant's wrongful conduct, whichever amount is greater.

G. That the Court award judgment in favor of Plaintiff in the amount of treble damages.

H. That the Court award judgment against Plaintiff for the full costs of this action, including reasonable attorneys' fees.

I. That the Court award to Plaintiff punitive damages sufficient to deter Defendant from committing such willful acts of infringement in the future.

J. That this Court require a full and complete accounting of all monies received by Defendant as a result of the Infringement.

K. For interest on all amounts found to be due to Plaintiff from Defendant, at the prevailing rate, from the date said amounts or any part thereof became or become due.

L. That the Court require Defendant to notify its commercial associates, suppliers and customers of this Order.

M. That the Court order such other, further and different relief as the nature of this action may require and that the Court may deem just and proper.

N. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this

action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

Dated: Scarsdale, New York
      May 23, 2007

                           Respectfully submitted,

                           **LACKENBACH SIEGEL LLP**

                         By: _____
                           Robert B. Golden (RG 6157)
                           Cathy E. Shore-Sirotin (CS 0682)
                           *Attorneys for Plaintiff*
                           One Chase Road
                           Scarsdale, New York 10583
                           (914) 723-4300
                           (914) 723-4301 (fax)